UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
GLENDA N. RAMIREZ,                                           :
                                      Plaintiff,             :          20 Civ. 9624 (LGS)
                                                             :
                   -against-                                 :          ORDER
                                                             :
HARTFORD LIFE AND ACCIDENT                                   :
INSURANCE COMPANY,                                           :
                                      Defendant.             :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, on March 8, 2021, the parties filed a joint motion to seal the administrative

record on the grounds that the record contains extensive references to Plaintiff's personal

information and protected health information ("PHI"), (the "Motion").  Dkt. No. 20.

        WHEREAS, the Motion did not include a contemporaneously filed copy of the

administrative record, temporarily under seal, as required by the Individual Rule I.D.3.  *See* Dkt.

No. 20.

        WHEREAS, on March 11, 2021, the Court issued an Order directing the parties to file a

copy of the administrative record under seal (Dkt. No. 21), and the parties did so (Dkt. No. 22).

        WHEREAS, the administrative record contains many references to Plaintiff's personal

information and PHI for which sealing is appropriate, but also contains general information about

the benefits plans at issue in this case, as well as correspondence regarding Plaintiff's benefits

claims for which sealing is not appropriate.  As a result, the Court directed the parties to file the

administrative record with proposed redactions (Dkt. Nos. 23 and 29), and the parties did so (Dkt.

No. 30).

        WHEREAS, "[t]he common law right of public access to judicial documents is firmly

rooted in our nation's history," and in determining whether to permit filings under seal courts

"must balance competing considerations against" the presumption of access.  *Lugosch v. Pyramid*

*Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  It is hereby

**ORDERED** that the parties' motion to seal an unredacted version of the administrative record is **GRANTED**.   The administrative record at Docket No. 22 shall remain under seal, with access limited to those individuals identified in the attached Appendix.  Filing the administrative record in redacted form is necessary to prevent the unauthorized dissemination of personal information and PHI.

Dated:  April 5, 2021
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

## **<u>APPENDIX</u>**

All Attorneys of Record should have access to the sealed documents, including:

- Attorney Christopher Foley
- Attorney Matthew Mazzola